# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NICHOLAS V. PANGELINAN,<br>Appellant, | DOCKET NUMBER<br>SF-0752-16-0218-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: January 6, 2017 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elbridge W. Smith, Esquire, Honolulu, Hawaii, for the appellant.

Jason Zhao, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The relevant facts underlying this appeal, as detailed in the initial decision, are not in dispute. Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 2-4. The appellant holds the position of Welder in Pearl Harbor, Hawaii. ID at 2. In September 2015, the agency issued notice that it intended to suspend his access to classified information and a controlled industrial area based on allegations that he falsely denied having engaged in illegal drug activity. *Id*. After the appellant responded, the agency issued a decision, suspending his access, pending a final determination by the Department of Defense Consolidated Adjudication Facility (DOD CAF). ID at 3. Days later, the agency proposed the appellant's indefinite suspension from service for failure to meet a condition of employment–maintaining access to classified information. *Id*. The appellant again filed a response, but the deciding official sustained the indefinite suspension, effective December 12, 2015. *Id*.

¶3 The appellant filed the instant appeal, challenging his indefinite suspension. IAF, Tab 1. After the parties stipulated to the pertinent facts, *see* IAF, Tab 22, the administrative judge held oral arguments on the disputed legal issues before affirming the indefinite suspension, ID. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶4    On review, the appellant presents due process arguments that mirror the ones we recently addressed in *Palafox v. Department of the Navy*, 2016 MSPB 43. For the same reasons as those we provided in that case, as detailed below, the appellant's arguments fail.

¶5    An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *Palafox*, 2016 MSPB 43, ¶ 8. It is well settled that an agency may indefinitely suspend an appellant when his access to classified information has been suspended and he needs such access to perform his job. *Palafox*, 2016 MSPB 43, ¶ 8. In such a case, the Board lacks the authority to review the merits of the decision to suspend access. *Id.* However, the Board retains the authority to review whether: (1) the appellant's position required access to classified information; (2) the appellant's access to classified information was suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513. *Id.* In addition, the Board has the authority under 5 U.S.C. § 7701(c)(2)(A) to review whether the agency provided the procedural protections required under its own regulations. *Id.*[2] Finally, because a tenured Federal employee has a property interest in continued employment, the Board also may consider whether the agency provided minimum due process in taking the indefinite suspension action. *Id.* Here, the only issue remaining in dispute is whether the agency provided the appellant due process.

¶6    Due process requires, at a minimum, that an employee being deprived of his property interest be given "the opportunity to be heard 'at a meaningful time and

---

[2] In this regard, the Board has found that DOD procedures governing "personnel security determinations" do not apply to the suspension of access to classified information by local commands, such as the Shipyard in this case. *Palafox*, 2016 MSPB 43, ¶ 8 n.1. We discern no error in the administrative judge's finding that the local command acted within its authority in suspending the appellant's access to classified information pending a final decision by DOD CAF on his security clearance. *See id.*; ID at 7 (citing Secretary of the Navy Manual 5510.30, ¶ 9-7).

in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).[3] As the U.S. Supreme Court explained in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542-46 (1985), the opportunity to respond to a proposed adverse action is important for two reasons. First, an adverse action will often involve factual disputes and consideration of the employee's response may clarify such disputes. *Id*. at 543; *see Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). Second, "[e]ven where the facts are clear, the appropriateness or necessity of the [penalty] may not be," and in such cases the employee must receive a "meaningful opportunity to invoke the discretion of the decision maker." *Loudermill*, 470 U.S. at 543; *see Stone*, 179 F.3d at 1376. Thus, "the employee's response is essential not only to the issue of whether the allegations are true, but also with regard to whether the level of penalty to be imposed is appropriate." *Stone*, 179 F.3d at 1376; *Palafox*, 2016 MSPB 43, ¶ 9.

¶7    As to the facts underlying the proposed action, the agency provided minimal due process by informing the appellant of the basis for the indefinite suspension, i.e., that his position required access to classified information and that his access had been suspended. *See Palafox* 2016 MSPB 43, ¶ 10. The agency further complied with the procedural requirements of 5 U.S.C. § 7513 by informing the appellant of the specific reasons for the suspension of his access to classified information. *See id*.

¶8    Regarding the penalty, the appellant argues that he was denied a meaningful opportunity to persuade the deciding official to reassign him instead of imposing the proposed indefinite suspension. PFR File, Tab 1 at 8-11. He contends that the deciding official did not have the authority to choose that alternative because, according to the proposal notice, reassignment would have been "inconsistent"

---

[3] Because the appellant was afforded an opportunity to respond to the proposed indefinite suspension prior to being suspended, it is clear that the hearing took place at a meaningful time. *See Palafox*, 2016 MSPB 43, ¶ 9 n.2.

with official agency policy. IAF, Tab 4 at 91. The agency asserts that, notwithstanding the proposing official's statement, there is in fact no agency policy prohibiting reassignment following a loss of access to classified information. PFR File, Tab 3 at 6. However, even if agency policy did prohibit reassigning the appellant, that restriction would not constitute a due process violation, because due process does not require that a deciding official consider alternatives that are prohibited, impracticable, or outside management's purview. *Palafox*, 2016 MSPB 43, ¶ 11.

¶9　　　　Furthermore, to the extent administrative leave may have been a viable alternative to suspension without pay, the appellant was not denied his due process right to invoke the discretion of a deciding official with the authority to select that alternative. *See id*., ¶ 12. The appellant cites deposition testimony in which the deciding official indicated that he could not think of a scenario in which he would have considered keeping the appellant on administrative leave. PFR, Tab 1 at 17 (Deposition Transcript at 40-41). However, the deciding official went on to clarify that his statement did not mean that the appellant "couldn't come up with some evidence that [he] would consider." *Id*. (Deposition Transcript at 41). In particular, he explained that he might carry an employee in the appellant's position on administrative leave if he believed that the allegations underlying the suspension of the employee's access to classified information were not well founded. *Id*. at 16-17 (Deposition Transcript at 37-40). Thus, we find that the deciding official did have discretion to select administrative leave as an alternative to suspension without pay. While the appellant did not succeed in persuading the deciding official to carry him on administrative leave, the record reflects that he was notified of the allegations underlying the suspension of his access to classified information, and received an opportunity to present rebuttal evidence before the final penalty determination was made. *E.g*., IAF, Tab 4 at 35-47.

¶10    The appellant further contends that he was denied due process because his access to classified information "was suspended through a process by which he was not afforded the right to review information relied upon and provide a meaningful response to the officials proposing and deciding suspension of access to classified information." PFR File, Tab 1 at 12. However, it is well settled that employees "do not have a liberty or property interest in access to classified information, and the termination of that access therefore [does] not implicate any due process concerns." *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1184-85 (Fed. Cir. 2013) (quoting *Jones v. Department of the Navy*, 978 F.2d 1223, 1225 (Fed. Cir. 1992)); *Palafox*, 2016 MSPB 43, ¶ 13.

¶11    In sum, we agree with the administrative judge's determination that the agency did not deprive the appellant of due process. Accordingly, we deny the petition for review. The initial decision is affirmed.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.